■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTONIO RIVERA, Appellant.— The order of the Supreme Court, New York County, entered September 18, 1964, denying without a hearing the defendant's writ of error *coram nobis,* unanimously reversed on the law, on the facts and in the exercise of discretion, and remanded for a hearing. The writ sought to invalidate a judgment of conviction on the defendant's plea of guilty to the lesser crime of manslaughter in the second degree on the grounds that fraudulent misrepresentations were made to him, that he was denied effective legal representation, he was improperly advised by assigned counsel of his legal rights,

and that he was coerced into pleading guilty. In 1958 defendant was arrested in Bronx County and thereafter taken to a Bronx hospital for treatment of a broken jaw. He was transferred to Bellevue Hospital for observation after evincing psychopathic tendencies. While there, on July 27, 1958 a homicide occurred, the killing of a female attendant, and defendant was indicted September 29, 1958 charged with the crime of murder in the first degree. October 3, 1958, the court assigned counsel to defendant. October 15, 1958, on counsel's application defendant was committed to Bellevue for formal examination. The report of the psychiatrists as to defendant's mental condition was confirmed and defendant was committed to Matteawan State Hospital, where he remained until about September, 1962. The plea sought to be vacated was entered November 5, 1962, while defendant was represented by counsel. While we place little credence in some of the defendant's allegations, which would afford no ground for *coram nobis* relief, the record made at the time the plea was entered indicates sufficient to raise a question whether the defendant fully understood the nature and impact of such plea. Accordingly, the matter is remanded for a hearing solely on that issue. Concur — Rabin, J. P., Stevens, Eager, Steuer and Witmer, JJ.